**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Severine Wamala, Ph.D.</u>

     v.                                   Civil No. 10-cv-87-SM

<u>Larry Blaisdell, Warden,</u>
<u>Northern New Hampshire</u>
<u>Correctional Facility</u>

## <u>O R D E R</u>

Severine Wamala has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his present incarceration pursuant to his 2007 convictions on eleven felony charges.  The matter is before me for preliminary review to determine whether or not the petition is facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court District of New Hampshire Local Rule 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

### <u>Standard of Review</u>

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however

inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94
(2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97,
106 (1976), to construe pro se pleadings liberally in favor of
the pro se party).  "The policy behind affording pro se
plaintiffs liberal interpretation is that if they present
sufficient facts, the court may intuit the correct cause of
action, even if it was imperfectly pled." Ahmed v. Rosenblatt,
118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United
States, 540 U.S. 375, 381 (2003) (courts may construe pro se
pleadings to avoid inappropriately stringent rules and
unnecessary dismissals).  This review ensures that pro se
pleadings are given fair and meaningful consideration.

     To determine if a pro se complaint states any claim upon
which relief could be granted, the Court must consider whether
the complaint, construed liberally, Erickson, 551 U.S. at 94,
"contain[s] sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949
(2009) (citation omitted).  "A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged." Id.  Inferences reasonably drawn from
the plaintiff's factual allegations must be accepted as true, but

the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

### Background

On September 14, 2007, Severine Wamala was convicted of eleven counts of felony sexual assault, all alleging offenses committed against his daughter, J.W., between September 2005 and August 2006. On November 19, 2007, Wamala was sentenced to 20-40 years in prison on the charges. Wamala appealed his conviction to the New Hampshire Supreme Court ("NHSC"), which affirmed his conviction on April 17, 2009. See State v. Wamala, 158 N.H. 583, 972 A.2d 1071 (2009). This petition followed, raising five claims for relief, as summarized here[1]:

1. Wamala's Sixth and Fourteenth Amendment rights to a speedy trial were violated when, over Wamala's repeated assertions of his speedy trial rights and demands for a speedy trial, he was subjected to a pretrial delay of twelve months,

---

[1]The claims, as identified here, will be considered to be the claims in the petition for all purposes. If Wamala disagrees with this identification of the claims, he must do so by proper motion to amend his petition.

while he was detained awaiting trial, unable to post the $1,000,000 bail set by the trial court.

2.   Wamala's Fifth and Fourteenth Amendment rights to due process and equal protection were violated when he was denied attorney-conducted individual voir dire during the selection of his jury.

3.   Wamala's Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated when the prosecutors in his criminal case engaged in overreaching by knowingly overstating the case against Wamala during trial.

4.   Wamala's Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated when the trial judge allowed the prosecution to call witnesses at trial solely for the purpose of impeaching them with their prior inconsistent statements, that tended to inculpate Wamala, as a "mere subterfuge" to place otherwise inadmissible evidence in front of the jury.

5.   The trial court violated Wamala's Fifth, Sixth, and Fourteenth Amendment rights to due process, a fair trial, and to confront the evidence against him when it allowed evidence placed into a "time capsule" by J.W. to be admitted at trial as substantive evidence to rebut Wamala's charge that J.W. had fabricated the allegations against him.

<u>Discussion</u>

To be eligible for habeas relief, Wamala must show that he is in custody, and that he has either exhausted all of his state court remedies for each claim raised, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  Wamala is incarcerated pursuant to a sentence imposed for the convictions challenged here, and thus meets the custody § 2254(a) requirement for filing a habeas petition.

"A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." <u>Barresi v. Maloney</u>, 296 F.3d 48, 51 (1st Cir. 2002).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" <u>Clements v. Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted); <u>Picard v. Connor</u>, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion

5

requirement petitioner must have fairly presented the substance of his federal claim to the state courts).  A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

I find that Wamala has demonstrated both that he is in custody and that the petition demonstrates that each of the five claims asserted therein has been exhausted in the state courts. Accordingly, the petition may be considered.  See 28 U.S.C. § 2254(a) and (b) (providing that the writ "shall not be granted" unless petitioner is in state custody and has exhausted all available or effective state remedies).  The petition shall therefore be served upon Respondent, which shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition and attachments thereto (document no. 1).

Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).  Upon receipt of the response, the Court will

6

determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  June 28, 2010

cc:   Severine Wamala, Ph.D., pro se

LM:jba