UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Severine Wamala

    v.                                        Civil No. 10-cv-87-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**O R D E R**

     Before the Court is Severine Wamala's "Motion to Amend/To Add Ground 6" (document no. 5) regarding his previously filed petition for a writ of habeas corpus (document no. 1). Wamala's initial petition (document no. 1), containing five claims for relief, was reviewed by this Court on June 28, 2010. Finding that Wamala had exhausted each of the claims raised in the petition, the Court ruled that the matter could proceed and directed Respondent to answer the petition (document no. 4).

     Before the Respondent filed an answer, Wamala filed a Motion to Amend (document no. 5), seeking to add a sixth claim for relief to his petition. Wamala's proposed sixth claim alleges that the "cumulative effect" of three trial errors, each of which

presently serves as the basis of a claim in the habeas action,[1] was sufficient to deny him his due process right to a fair trial, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, even if the alleged mistakes, considered individually, failed to render Wamala's conviction constitutionally defective.  Because Wamala can amend his petition as a matter of course prior to service of the answer in this case, see Fed. R. Civ. P. 15(a)(1) (allowing an amendment to a pleading as a matter of course prior to filing of responsive pleading), the motion to amend (document no. 5) is GRANTED.

This Court has previously determined that the relevant three individual claims were properly exhausted in the state courts. There is no indication in the Motion to Amend to Add Claim 6, however, that Wamala has exhausted or attempted to exhaust the "cumulative effect" claim, which will hereinafter be identified as Claim 6, in any post-conviction habeas proceeding or motion for a new trial in the state courts.

---

[1] These three claims allege that: (1) the prosecutor at his criminal trial overstated the case against Wamala; (2) that witnesses were called as a "mere subterfuge" for the improper admission of statements they had made and then recanted as substantive evidence at trial; and (3) that certain evidence from a "time capsule" was improperly admitted at trial.  These claims were identified as claims 3, 4, and 5 in the June 28, 2010 Order.

To be eligible for habeas relief, Wamala must show that, for each of the claims raised in his petition, he has either exhausted all of his state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  "A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

Because I grant the motion to amend, Wamala's petition now contains five exhausted claims and one unexhausted claim, and is therefore a "mixed petition."  If Wamala were to press the mixed petition without exhausting Claim 6, the Court would be forced to dismiss the entire petition.  See Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)).  Wamala will be given the option at this point,

therefore, to stay his federal habeas action and return to the state courts to exhaust Claim 6. A mixed petition may be stayed to allow exhaustion in the state courts where petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). Here, Wamala has indicated that he was unaware of the "cumulative effect" claim until recently. Wamala's previous pleadings are thorough and in no instance does it appear that Wamala has sought to use any "intentionally dilatory litigation tactics" in presenting his case to this Court or in the state courts. Id.

Wamala also has the option to forego his presently unexhausted claim by amending his complaint to remove that claim altogether or by filing a motion to withdraw or dismiss that claim. In that case, the five exhausted claims would be promptly considered by the Court. If Wamala chooses to forego his unexhausted claim, however, he will likely be unable to raise that claim in a future habeas action, due to the prohibition against second or successive habeas petitions. See 28 U.S.C. § 2244.

## Conclusion

The Motion to Amend to Add Claim 6 (document no. 5) is GRANTED.

Wamala is directed that, within thirty days of the date of this Order, he must:

A.  Move to stay this action so that he may pursue exhaustion of the presently unexhausted Claim 6 in the state courts.  If this action is stayed, Wamala must initiate proceedings in the state court to exhaust Claim 6 within thirty days of the date the stay is entered.  Further, if the matter is stayed, Wamala must file a written status report regarding the state court proceedings in this Court within thirty days of initiating those proceedings, and then every ninety days thereafter.  Once the state court action is terminated, and the New Hampshire Supreme Court has issued a final decision in the matter, Wamala must so notify this Court within thirty days of the date of the final decision, and file motions in this Court to lift the stay and to amend his petition to demonstrate exhaustion of Claim 6; or

B.  Notify this Court in writing that he wishes to withdraw and forego Claim 6, understanding that he will be unlikely to

litigate this claim in the future in this or any habeas action. If Wamala elects to forego Claim 6, the five claims already pending in the petition will be promptly considered by the Court.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   September 10, 2010

cc:     Severine Wamala, pro se
        Elizabeth C. Woodcock, Esq.

LBM:jba